# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

|  |  |
|---|---|
| A Grade Above Others, LLC, | ) |
| | ) |
| Plaintiff, | ) Case No.: 0:20-cv-01727-JMC |
| | ) |
| v. | ) **ORDER AND OPINION** |
| | ) |
| BCVP2 Baileys Run, LLC, and Lexon Insurance Company, | ) |
| | ) |
| Defendants. | ) |

This matter comes before the court upon various Motions by Defendant BCVP2 Baileys Run, LLC ("BCVP2")[1]. (ECF No. 2.) BCVP2 moves the court to (1) DISMISS the case for improper venue pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure; or (2) in the alternative, to TRANSFER VENUE pursuant to 28 U.S.C. § 1404; or (3) in the alternative, to DISMISS the case for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure; or (4) in the alternative, to STAY the above-captioned litigation and to COMPEL ARBITRATION between Plaintiff A Grade Above Others, LLC ("AGA") and BCVP2 pursuant to Sections 3 and 4 of the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16, 201-08, 301-07. (ECF No. 2.) For the reasons stated below, the court **DENIES** BCVP2's Motion to Dismiss for Improper Venue, **DENIES** BCVP2's Motion to Transfer Venue, **DENIES** BCVP2's Motion to Dismiss for Lack of Subject Matter Jurisdiction, and **DENIES** BCVP2's Motion to Stay the Case, but **GRANTS** the Motion to Compel Arbitration.

---

[1] This Motion is joined by Defendant Lexon Insurance Company ("Lexon"). Lexon was one of the originally named Defendants when the action was commenced in the Court of Common Pleas, York County, South Carolina. (ECF No. 1.)

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

BCVP2 alleges that, on or about January 25, 2018, BCVP2 and AGA entered into a "Site Development Contract" (the "Contract") for work to be completed at the Baileys Run subdivision in York County, South Carolina (the "Project"). (ECF No. 2.) It is alleged that AGA proposed to perform site work at the Project across six phases (the "Work"). (ECF No. 2-2 at 4.) The Contract contained the following forum selection clause in its "Exhibit I": "**Disputes –** All disputes must be brought in the State of Florida, and filed in Pinellas County, FL." (ECF No. 2-1 at 28.) The Contract also includes the following provision:

> ARBITRATION. Except where injunctive relief is sought, any controversy or claim arising out of or relating to this Contract shall be settled by arbitration by the American Arbitration Association in Atlanta, Georgia ("AAA"), in accordance with the Construction Industry Arbitration Rules. The arbitration shall be held, if possible, in the city nearest the locations of the Property, and if it cannot be held in that city, then it shall be held in the capital city for the state where the Property is located.

(*Id.* at 13 ¶ 11.)

During the course of performance of the Work in Phase 1 and continuing into Phase 2, BCVP2 alleges that disputes arose between the parties concerning performance of the Work, delays/scheduling, payment, and other issues. (ECF No. 2 at 3.) On March 11, 2020, BCVP2 alleges that they sent a Right to Cure and Notice of Default letter, which sets forth the alleged deficiencies in AGA's Work, the delays caused thereby, and notice that a failure to cure the default conditions within ten (10) days would result in termination of the Contract seven (7) days after that date. (ECF No. 2-3 at 4 (referencing ECF No. 2-5 at 2–4.).) Finally, BCVP2 alleges that the letter informed AGA that the damages incurred as a result of the AGA's default exceeded AGA's billings from January 2020 and February 2020, and that no payment was owed to AGA for pay applications submitted in those months. (*Id.*)

On March 23, 2020, BCVP2 made a Demand for Arbitration. (ECF No. 2-2 at 2.) On April 2, 2020, BCVP2 alleges that AGA filed a Lis Pendens and commenced this suit in the Circuit Court in York County, South Carolina, alleging causes of action for breach of contract, violation of S.C. Code Ann. § 27-1-15 (West 2020), *quantum meruit*, and promissory estoppel against BCVP2 and foreclosure of the surety bond against Lexon. (*Id.*) BCVP2 removed the case under 28 U.S.C. § 1441(a) and alleges the court has original jurisdiction pursuant to 28 U.S.C. §1332(a). (ECF No. 1 at 2.) BCVP2, as joined by Lexon, filed the instant Motion on May 1, 2020. (ECF No. 2.)

## II.     JURISDICTION

The district courts "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different states . . . ." 28 U.S.C. § 1332(a). The alleged amount in controversy, stated in AGA's Complaint is $298,745.82, without interest, costs, and attorney's fees. (ECF No. 1-1 at 3.) The amount alleged in AGA's Complaint clearly meets the $75,000.00 amount in controversy threshold. AGA is "a South Carolina limited liability company with its principal place of business in Woodruff, South Carolina." (ECF No. 1-1 at 2.) BCVP2 is an alleged "Delaware limited liability company with its principal place of business in the State of Georgia" and Lexon is an alleged "corporation organized and existing under the laws of the State of Texas, with a principal place of business in the State of Tennessee." (ECF No. 1 at 2, 3.) Therefore, for purposes of 28 U.S.C. § 1332, BCVP2 is a citizen of Georgia, Lexon is a citizen of Tennessee and Texas, and AGA is a citizen of South Carolina. The court finds that there is diversity of citizenship among the parties. Based on the above reasoning, the court has original jurisdiction over the case and **DENIES** BCVP2's Motion to Dismiss for Lack of Subject Matter Jurisdiction.

## III.    ANALYSIS

### A. Enforceability of Arbitration Provision

AGA contends that the arbitration provision in the Contract is unenforceable for two reasons: (1) the arbitration provision does not comply with the South Carolina Uniform Arbitration Act, Chapter 48 § 15-48-10 (West 2020); and (2) the FAA does not preempt South Carolina's Uniform Arbitration Act because "the Contract does not contemplate interstate commerce." (ECF No. 9 at 4–5.) The court finds that while the arbitration provision does not comply with § 15-48-10(a), the FAA does preempt the South Carolina's Uniform Arbitration Act because the Contract does contemplate interstate commerce.

It has been held that, "the FAA applies in federal or state court to any arbitration agreement regarding a transaction that in fact involves interstate commerce, regardless of whether or not the parties contemplated an interstate transaction." *Allie-Bruce Terminix Companies, Inc. v. Dobson,* 513 U.S. 265 (1995). Furthermore, "[t]he FAA preempts state laws that invalidate the parties' agreement to arbitrate . . . ." *Munoz v. Green Tree Fin. Corp.,* 542 S.E.2d 360, 363 n.2 (2011).

It is evident that interstate commerce was involved in the Contract and performance of the Work. Not only does this case involve citizens of different states, as evidenced in the above section, AGA subcontracted with Water and Waste System Construction, Inc., which is a "Pennsylvania Business Corporation under the laws of the Commonwealth of Pennsylvania . . . ." (ECF No. 2-10 at 2.) Therefore, the court finds that since the Contract does involve interstate commerce, the arbitration provision is enforceable.

### B. Compel Arbitration

Section 4 of the FAA allows a district court to issue an order compelling arbitration if the court would otherwise "have jurisdiction under Title 28, in a civil action . . . of the subject matter

4

of a suit arising out of the controversy between the parties." 9 U.S.C. § 4.

It has been established that "the FAA requires a district court, upon motion by any party, to stay judicial proceedings involving issues covered by written arbitration agreements." *Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 709 (4th Cir. 2001). However, "dismissal is a proper remedy when all of the issues presented in a lawsuit are arbitrable." *Id.* at 709–710. The United States Court of Appeals for the Fourth Circuit has "consistently held that an arbitration clause encompassing all disputes 'arising out of or relating to' a contract embraces 'every dispute between the parties having a significant relationship to the contract regardless of the label attached to a dispute.'" *Wachovia Bank, Nat'l Ass'n v. Schmidt*, 445 F.3d 762, 767 (4th Cir. 2006) (quoting *Am. Recovery Corp. v. Computerized Thermal Imaging, Inc.,* 96 F.2d 88, 93 (4th Cir. 1996)).

The Supreme Court "has consistently held that parties may delegate threshold arbitrability questions to the arbitrator, so long as the parties' agreement does so by 'clear and unmistakable' evidence." *Henry Schein, Inc. v. Archer & White Sales, Inc.* 139 S. Ct. 524, 530 (2019). This ruling is consistent with the other Federal Circuits who have decided the issue under the lens of the incorporation of arbitration rules that delegate the arbitrability question to the arbitrator. *See Belnap v. Iasis Healthcare*, 844 F.3d 1272 (10th Cir. 2017); *Simply Wireless, Inc. v. T-Mobile US, Inc*, 877 F.3d 522 (4th Cir. 2017).

In the instant case, BCVP2 and AGA entered into the Contract and they do not appear to dispute the validity. (*See, e.g.*, ECF No. 1-1 at 4 ¶ 12.) The parties "clearly and unmistakably" delegated the issue of arbitrability to the arbitrator(s) through their incorporation of the American Arbitration Association's Construction Industry Arbitration Rules into the Contract. (ECF No. 2-1 at 13 ¶ 11.) The Construction Industry Arbitration Rules include "R-9. Jurisdiction," which states

in part "(a) The arbitrator shall have the power to rule on his or her own jurisdiction including any objections with respect to the existence, scope, or validity of the arbitration agreement." (ECF No. 2-9 at 3.)

As a result of the above, while this court does not lack subject matter jurisdiction over the claims in AGA's Complaint, the threshold issue of arbitrability as well as the merits of the claims themselves are currently vested with the arbitrators pursuant to the Contract between the parties.

## IV.     CONCLUSION

Based on the above, the court **DENIES** BCVP2's Motion to Dismiss for Improper Venue, **DENIES** BCVP2's Motion to Transfer Venue, **DENIES** BCVP2's Motion to Dismiss for Lack of Subject Matter Jurisdiction, and **DENIES** BCVP2's Motion to Stay the Case, but **GRANTS** the Motion to Compel Arbitration. (ECF No. 2.) The case is hereby **DISMISSED** without prejudice[2].

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

August 5, 2020
Columbia, South Carolina

---

[2] In accordance with prior decisions from this court, the court dismisses the action as opposed to merely staying the proceedings. *See Willard v. Dollar Gen. Corp.*, No. 3:17-cv-00675, 2017 WL 4551500, at *4 (D.S.C. Oct. 12, 2017); *Cox v. Assisted Living Concepts, Inc.*, No. 6:13-00747-JMC, at *7 (D.S.C. Mar. 18, 2014); *Fleetwood Transp. Corp. v. Packaging Corp. of Am.*, No. 6:10-01219-JMC, 2002 WL 761737, at *5 (D.S.C. Mar. 8, 2012).