# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | |
|---|---|
| A Grade Above Others, LLC, ) | |
| ) | Civil Action No.: 0:20-cv-01727-JMC |
| Plaintiff, ) | |
| ) | **ORDER** |
| v. ) | |
| BCVP2 Baileys Run, LLC and Lexon ) | |
| Insurance Company, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on Plaintiff A Grade Above Others, LLC's ("Plaintiff") Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 59(e) (ECF No. 13). Plaintiff asks that the court modify its August 5, 2020 order ("August Order") to stay the case rather than dismissing it. (*Id.* at 1.) For the reasons set forth below, the court **GRANTS** Plaintiff's Motion for Reconsideration (*Id.*).

## I.     RELEVANT BACKGROUND

This case arises out of a contract dispute between Plaintiff, a grading and sitework contractor, and Defendant BCVP2 Baileys Run, LLC ("BCVP2"), the developer of the Baileys Run subdivision in York County, South Carolina. (ECF No. 1-1 at 3.) On March 20, 2020, Plaintiff filed a mechanic's lien with the Register of Deeds, York County, South Carolina. (*Id.* at 8.) Plaintiff then filed a Complaint against BCVP2 and Lexon Insurance Company ("Lexon") (collectively, "Defendants") in the Court of Common Pleas in York County on April 2, 2020. (*Id.* at 3-9.) The Complaint asserted causes of action for breach of contract, quantum meruit, violation of S.C. Code § 27-1-15, promissory estoppel, and a mechanic's lien. (*Id.*)

1

On May 1, 2020, Defendants removed the case to this court on the basis of diversity jurisdiction under 28 U.S.C. § 1332. (ECF No. 1.) On the same date, Defendants filed a Motion to (1) dismiss the case for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3); or, in the alternative, (2) transfer venue pursuant to 28 U.S.C.§ 1404; or, in the alternative, (3) dismiss the case for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure Rule 12(b)(1); or, in the alternative, (4) stay the case and compel arbitration between the parties pursuant to Sections 3 and 4 of the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16, 201-08, 301-07. (ECF No. 2).

On August 5, 2020, the court issued its August Order, granting Defendants' Motion to Compel Arbitration and denying Defendants' Motion to Dismiss for Improper Venue, Motion to Transfer Venue, Motion to Dismiss for Lack of Subject Matter Jurisdiction, and Motion to Stay the Case. (ECF No. 11 at 6.) The August Order dismissed the case without prejudice. (*Id.*)

Plaintiff filed the instant Motion for Reconsideration on August 14, 2020, requesting that the court modify its August Order to stay the case instead of dismissing it. (ECF No. 13 at 1.) Plaintiff's request is uncontested. On September 4, 2020, Plaintiff and Defendants submitted a Joint Stipulation to Stay of Case in Lieu of Dismissal Pending Arbitration (ECF No. 16). They stipulated to the case "being stayed pending arbitration in accordance with the Court's August 5, 2020 Order instead of being dismissed" and to "any remaining aspects of the Court's August 5, 2020 Order … remain[ing] unchanged." (*Id.* at 2.)

## II.     LEGAL STANDARD

Rule 59(e) allows a party to seek an alteration or amendment of a previous order of the court. Under the rule, a court may "alter or amend the judgment if the movant shows either (1) an intervening change in the controlling law, (2) new evidence that was not available at trial, or (3)

that there has been a clear error of law or a manifest injustice." *Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 407 (4th Cir. 2010).  It is the moving party's burden to establish one of these three grounds in order to obtain relief under Rule 59(e). *Loren Data Corp. v. GXS, Inc.*, 501 F. App'x 275, 285 (4th Cir. 2012).  The decision whether to reconsider an order under Rule 59(e) is within the discretion of the district court. *See Boryan v. United States*, 884 F.2d 767, 771 (4th Cir. 1989). A motion to reconsider "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008).

"Under the [FAA], a party may demand a stay of federal judicial proceedings pending exercise of a contractual right to have the subject matter of the federal action decided by arbitration[.]" *Microstrategy, Inc. v. Lauricia*, 268 F.3d 244, 249 (4th Cir. 2001).  Dismissal without prejudice is the proper remedy when all of the issues presented in a lawsuit are subject to arbitration. *Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 709-10 (4th Cir. 2001).

### III.   ANALYSIS

Although Defendants made a Motion to Compel Arbitration and Stay the Case, neither party addressed why the case should be stayed instead of dismissed in its briefing on the Motion. (*See* ECF Nos. 2, 9, 10.)  However, after reviewing Plaintiff's Motion for Reconsideration and the parties' Joint Stipulation, the court agrees that the case should be stayed pending arbitration rather than dismissed.

Here, the parties must rely on the arbitrator to determine the arbitrability of Plaintiff's claims.  Because the South Carolina mechanic's lien statute has a six-month statute of limitations, Plaintiff could be prejudiced if the arbitrator determines that Plaintiff's mechanic's lien claim is

not arbitrable and Plaintiff is barred from refiling the claim by the statute of limitations.  *See* S.C. Code Ann. § 29-5-120 (2009); *Widener v. Fort Mill Ford*, 381 S.C. 522, 525 (Ct. App. 2009).  In addition, a stay would conserve the resources of the parties and the court.  Mechanic's liens are enforced by foreclosure.  *See Moorhead Const., Inc. v. Enterprise Bank of South Carolina*, 410 S.C. 386, 389-90 (Ct. App. 2014).  However, arbitrators do not have the power to foreclose.  8 Philip L. Bruner & Patrick J. O'Connor, *Bruner & O'Connor Construction Law* § 21:169 (2020). Only a court of competent jurisdiction is vested with the authority to foreclose a mechanic's lien. *Id.*  Therefore, court involvement could be required in the future if Plaintiff succeeds in arbitration and is entitled to foreclosure of the lien.

## IV.     CONCLUSION

The court **GRANTS** Plaintiff's Motion for Reconsideration (ECF No. 13.)  In accordance with the parties' Joint Stipulation (ECF No. 16), the court orders that the above-captioned case be stayed pending arbitration instead of being dismissed.  The remaining aspects of the court's August 5, 2020 Order will remain unchanged.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

November 5, 2020
Columbia, South Carolina

4